1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RAFAEL BUSTOS-ALONSO,                 No. 1:25-cv-01570-DJC-AC

12              Petitioner,

13   v.                                     ORDER

14   CHRISTOPHER CHESTNUT, et al.,

15              Respondents.

16

17          Petitioner Rafael Bustos-Alonso is a non-citizen presently in the custody of the

18   Department of Homeland Security.  The Court previously granted a Temporary

19   Restraining Order preventing Petitioner's removal from the country.  That order was

20   based on the information available to the Court at the time and the representations of

21   counsel.  These indicated that Petitioner was presently on the U Visa waiting list and

22   thus was entitled to deferred action under United States Citizenship and Immigration

23   Service policy.  The parties have now provided the Court with updated information in

24   connection with the Motion for Preliminary Injunction.

25          For the reasons stated below, Petitioner's Motion for Preliminary Injunction is

26   denied, and the Temporary Restraining Order previously issued by the Court (ECF No.

27   11) is lifted.

28

                                          1

**BACKGROUND**

Much of the relevant factual background was previously summarized by the Court in its prior order as well as by the parties in their prior briefing. (*See* ECF No. 11; *see also* ECF Nos. 4, 6.)  This information remains largely unchanged since the initial briefing.  The one exception, and of particular relevance to this Order, is the updated information provided by Respondents regarding the status of Petitioner's U Visa application.

Previously, Respondents had stated that Petitioner's "Bona Fide Determination" had been revoked, and Petitioner had instead been placed on a waiting list. (*See* ECF No. 6 at 5.)  At oral argument on the Motion for Temporary Restraining Order, Respondents' Counsel stated this waiting list was the U Visa waiting list.  Based on this information, the Court granted Petitioner's Motion for Temporary Restraining Order, finding that Petitioner was entitled to deferred action by virtue of his placement on the U Visa waiting list. (*See* ECF No. 11 at 4.)

Following the issuance of the Temporary Restraining Order, the Court ordered Respondents to show cause why a preliminary injunction should not issue on the same grounds as the Temporary Restraining Order. (ECF No. 11.)  That briefing is now completed.[1]  (Response; Reply (ECF No. 16).)  This matter was taken under submission without oral argument pursuant to Local Rule 230(g).

////

////

////

////

////

---

[1] Respondents have subsequently filed a Notice of Supplemental Information to which Petitioner filed a Response. (*See* ECF Nos. 20–21.)  However, the information in Respondents' Notice appears to exclusively concern the fact that USCIS has issued Petitioner a "Notice of Intent to Deny" as to his U Visa application.  As that is not directly relevant to this Order, this Notice and Petitioner's Response are not addressed here.

1   Respondents now state that these initial representations were made in error.

2   (Response (ECF No. 14) at 2.)  Respondents state that Petitioner's Bona Fide

3   Determination was not revoked, as was previously indicated.  They also represent that

4   Petitioner has not been placed on the waiting list identified in 8 C.F.R. § 214.14(d)(2).

5   (*Id.* at 3.)  USCIS has instead "initiated a full waiting list adjudication" to determine

6   whether Petitioner should be placed on the section 214.14(d)(2) U Visa waiting list.

7   (*Id.* at 4.)

8

9   **LEGAL STANDARD**

10   An injunction is a matter of equitable discretion and is "an extraordinary

11   remedy that may only be awarded upon a clear showing that the plaintiff is entitled to

12   such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).  The party

13   seeking a preliminary injunction must establish (1) that they are "likely to succeed on

14   the merits," (2) that they are "likely to suffer irreparable harm in the absence of

15   preliminary relief," (3) that "the balance of equities tips in [its] favor," and (4) "that an

16   injunction is in the public interest." *Id.* at 20.  In cases where "the Government is the

17   opposing party," the third and fourth factors "merge." *Nken v. Holder*, 556 U.S. 418,

18   435 (2009).  The Ninth Circuit also employs the "serious questions" test, which states

19   "'serious questions going to the merits' and a balance of hardships that tips sharply

20   towards the plaintiff can support issuance of a preliminary injunction, so long as the

21   plaintiff also shows that there is a likelihood of irreparable injury and that the

22   injunction is in the public interest." *All. for Wild Rockies v. Cottrell*, 632 F.3d 1127,

23   1135 (9th Cir. 2011).

24   **DISCUSSION**

25   The Court finds that Petitioner has not established that he is likely to succeed

26   on the merits or that there are serious questions going to the merits.[2]  The Court

27

28   [2] The Court previously applied the serious question test in granting Petitioner's Motion for Temporary Restraining Order.  (*See* ECF No. 11.)  While the Court does not consider whether the balance of equities tips sharply in Petitioner's favor such that the sliding scale is still appropriate in this case, it is

3

1  originally granted Petitioner's Motion finding there were serious questions going to

2  the merits because it appeared that Petitioner had been placed on the waiting list

3  described in C.F.R. § 214.14(d)(2) and that Petitioner was thus granted deferred action

4  by virtue of that placement.  (ECF No. 11 at 4.)  However, this appears to have been

5  the result of unclear statements provided in connection with Respondents' Opposition

6  to the Motion for Temporary Restraining Order.

7        Respondents have now clarified that Petitioner's Bona Fide Determination was

8  not revoked as was previously represented.  (Response at 3–4; Pano Decl. (ECF No.

9  14-1) ¶ 10; Kaczynski Decl. (ECF No. 14-2) ¶¶ 14–15.)  Petitioner's U Visa Application

10  has instead been set for a full waiting list adjudication.  (*Id.*)  This places this case and

11  Petitioner's status on different factual footing.

12        If Petitioner is not on the waiting list as previously stated, the determination that

13  Petitioner is entitled to deferred action no longer applies.  Instead, Petitioner appears

14  to have received a Bona Fide Determination, but not an Employment Authorization

15  Document ("EAD"), which might entitle him to deferred action.  Petitioner has also not

16  been placed on the waiting list for a U Visa.  Instead, due to the fact that Petitioner had

17  not received an EAD, Petitioner has been referred for waiting list adjudication.  This

18  conforms with the process described in the USCIS Policy Manual, "USCIS initiates

19  waiting list adjudication for petitioners who do not receive BFD EADs. When USCIS

20  determines a principal petitioner will not receive a BFD EAD, USCIS proceeds to a full

21  adjudication for waiting list placement for the principal petitioner and his or her

22  qualifying family members."  USCIS Policy Manual Vol. 3, Part C, Ch. 5.[3]  Here, as

23  Petitioner has not received an EAD, USCIS proceeded to a full adjudication for waitlist

24

25  _____

    ultimately unnecessary for the Court to do so even if the balance of equities did tip clearly in
26  Petitioner's favor, Petitioner has not established that there are serious questions going to the merits.

27  [3] A current version of the USCIS Policy Manual can be found at https://www.uscis.gov/policy-manual/.
    A permanent version of Volume 3, Part C, Chapter 5 of the USCIS Policy Manual, as it exists at the time
28  of this Order, can be found at https://perma.cc/U43U-TPJN.

placement.  Thus, Petitioner does not appear entitled to deferred action either by virtue of receiving an EAD or by virtue of waitlist placement.

In his Reply, Petitioner argues that "in granting the BFD, USCIS also conferred deferred action status to Mr. Bustos-Alonso."  (Reply at 7.)  But this assertion does not appear supported by any statutory or regulatory authority.  Petitioner cites 8 C.F.R. § 274a.12(c)(14) in support.  Section 274a.12(c) lists "class[es] of aliens" who must apply for employment authorization.  Subsection 14, cited by Petitioner, indicates that one class of noncitizens who must apply for employment authorization are those who have received deferred action.  From this, Petitioner argues that Respondents have the order of operations wrong; Petitioner believes that employment authorization must follow <u>after</u> a grant of deferred action and that Petitioner has deferred action simply by virtue of receiving a Bona Fide Determination.  This is simply unsupported by the cited regulation.  Section 274a.12(c)(14) simply indicates that where an individual has been granted deferred action – which is an exercise of prosecutorial discretion used throughout the United States immigration scheme, not just in the U Visa context – must apply for employment authorization and are not granted such authorization as a matter of right.[4]  That those already granted deferred action must apply to receive employment authorization does not mean that deferred action must always precede employment authorization.  More importantly, section 274a.12(c)(14) does not show that Petitioner automatically receives deferred action because he received a Bona Fide Determination.  Petitioner does not point to any statute, regulation, or other authority that establishes Petitioner's entitlement to deferred action by virtue of his Bona Fide Determination.  Petitioner thus fails to establish a likelihood of success on the merits or satisfy the serious questions test.

---

[4] As further evidence of this, section 274a.12(a) sets out certain "classes of aliens" that are granted employment authorization simply by virtue of their immigration status.  Thus, subsection (c) only designates statuses where a noncitizen would have to apply for employment authorization as opposed to receiving it automatically because of their status.

1    In his Reply, Petitioner also notes the inaccuracy of the representations made in
2    connection with the original Motion for Temporary Restraining Order.  The factual
3    errors are certainly a source of concern for the Court.  The Court understands that the
4    parties and counsel are handling numerous similar cases under time constraints.  But
5    this does not absolve the Government of its obligation to ensure the accuracy of the
6    representations it makes to the Court.  This is especially true where these
7    representations can have an actual impact on the Court's determination of the
8    lawfulness of detention and removal efforts undertaken by the Government.

9    Nevertheless, Respondents have now made affirmative efforts to correct the
10   errors that accompanied their briefing on the Motion for Temporary Restraining
11   Order.  Based on the documentation Respondents have now provided, it is also
12   apparent how the original confusion occurred.  Petitioner has not presented any
13   evidence to dispute the factual representations made by Respondents and the Court
14   has no reason at this point to doubt the accuracy of these facts.  Thus, the
15   misstatements made by Respondents in connection with the Motion for Temporary
16   Restraining Order do not warrant issuance of a preliminary injunction.

17   As Petitioner has not established a likelihood of success on the merits or serious
18   questions going to the merits, Petitioner's request for issuance of a preliminary
19   injunction must be denied.  The other *Winter* factors need not be addressed, given
20   the failure to satisfy the first factor.  *See Sports Form, Inc. v. United Press Intern., Inc.*,
21   686 F.2d 750, 753 (9th Cir. 1982).

22

23

24

25

26

27

28

1

2                              **CONCLUSION**

3          Accordingly, and for the reasons stated above, IT IS HEREBY ORDERED that:

4              1.  Petitioner's request for issuance of a preliminary injunction is DENIED.

5              2.  The Temporary Restraining Order previously issued by the Court (ECF

6                  No. 11) is lifted.

7              3.  This matter is referred to the assigned Magistrate Judge for all further

8                  pretrial proceedings.

9              4.  Petitioner's Motion to Extend TRO (ECF No. 22) is DENIED AS MOOT.

10

11     Dated:  December 22, 2025                /s/ Daniel J. Calabretta

12                                             THE HONORABLE DANIEL J. CALABRETTA
                                               UNITED STATES DISTRICT JUDGE
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28